UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Leanda Rae Muhonen,                                   Civil No. 09-CV-0452 (JRT/SRN)

      Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

AT&T Inc., Cingular Wireless
Inc., Nancy Heineman, and Leora
McFarthing,

      Defendants.

---

    Todd Werner & Jeffer Ali, Esqs., Carlson, Caspers, Vandenburgh, & Lindquist, 225 South 6th Street, Suite 3200, Minneapolis, MN 55402, for Plaintiff.

    Jodie Friedman, Tyree Ayers Jackson, & Kathryn Mrkonich Wilson, Esqs., Littler Mendelson, P.C., 1300 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, for Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    This case is before the Court on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [Doc. No. 8] and Plaintiff's Motion for Default Judgment [Doc. No. 25]. This matter was referred to the undersigned by an Order of Reference entered by the District Court on April 15, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(b). For the reasons set forth below, the Court recommends that Defendants' Motion to Dismiss be granted in part and denied in part and Plaintiff's Motion for Default Judgment be denied.

**I.    PROCEDURAL HISTORY**

    Plaintiff Leanda Muhonen, originally appearing *pro se*, brought this case in state court alleging various employment law and tort causes of action against AT&T Inc., Cingular Wireless

Inc., and two individual supervisors, Nancy Heineman and Leora McFarthing. Based on the doctrine of complete preemption under the Labor Management Relations Act (LMRA), Defendants removed this case to federal court on February 25, 2009 [Doc. No. 1]. In the notice of removal, Defendants asserted that the corporate defendants named in the original complaint were holding companies and Plaintiff's actual employer was Cingular Wireless Employee Services, LLC. [Id.]. After Defendants removed the case, Plaintiff filed an amended complaint in state court ("state court amended complaint"), intending to replace AT&T Inc. and Cingular Wireless Inc., with AT&T Mobility LLC and Cingular Wireless Employee Services LLC. Additionally, Plaintiff's state court amended complaint sought to change the basis for her violation of privacy claim from the Privacy Act of 1974 to the Minnesota Human Rights Act (MHRA), and to add a claim for retaliation under the Americans with Disabilities Act (ADA).

Defendants moved to dismiss the case on March 4, 2009 [Doc. No. 8]. Defendants alleged that the state court amended complaint was not a proper pleading in this case because Plaintiff did not serve the Amended Complaint on all the Defendants and it was filed in state court after the case had already been removed to federal court. Defendants also moved to dismiss all of Plaintiff's claims, whether in the original or proposed state court amended complaint, for failure to state a claim. After Defendants moved to dismiss, Plaintiff brought a Motion for Default Judgment based on Defendants' failure to answer the amended complaint (filed only in the state court) [Doc. No. 25]. Those motions were referred to the undersigned by an Order of Reference entered by the District Court on April 15, 2009. This Court heard oral argument on those motions on May 15, 2009 and took the matter under advisement.

While those motions were pending, Plaintiff obtained counsel through the Federal Bar Association Pro Se Project. On June 2, 2009, Plaintiff's counsel sent a letter to this Court

indicating that Plaintiff intended to seek leave to file an amended complaint in this matter [Doc. No. 41]. Based on this intention and the fact Plaintiff had obtained counsel, Plaintiff requested that the Court postpone issuing a decision on the motion to dismiss and motion for default judgment until after Plaintiff had the opportunity to file a motion for leave to amend the complaint. Defendants responded on June 3, 2009, asserting that, to the extent Plaintiff's new proposed amended complaint ("federal court amended complaint") was based on any of the claims in the original Complaint, those claims should still be dismissed [Doc. No. 42]. This Court agreed to postpone ruling on Defendants' Motion to Dismiss and Plaintiff's Motion for Default Judgment until after Plaintiff brought a new motion to amend [Doc. No. 43].

Plaintiff subsequently brought a Motion for Leave to File an Amended Complaint [Doc. No. 46]. As part of that motion, Plaintiff agreed to voluntarily withdraw any claims for intentional infliction of emotional distress, negligence, violation of privacy, retaliation, and wrongful termination, as well as her assault claim against the corporate defendants. Further, Plaintiff's proposed federal court amended complaint does not assert any claims against Leora McFarthing, AT&T Mobility LLC, or AT&T Inc. The remaining claims in the proposed federal court amended complaint are for assault against Nancy Heineman, and against Cingular Wireless Employee Services, LLC for breach of the collective bargaining agreement (CBA) pursuant to § 301 of the Labor Management Relations Act [Doc. No. 48, Exhibit 1]. Because Plaintiff's proposed federal court amended complaint still contains an assault claim against Heineman, alleging substantially the same facts as the assault claim in the original complaint, this Court will address the assault claim through the Motion to Dismiss, as opposed to Plaintiff's Motion for Leave to File First Amended Complaint.

## II. FACTUAL HISTORY

Plaintiff, a customer service representative, was employed by Cingular Wireless Employee Services LLC, (Cingular), in an AT&T call center from October 17, 2005 to January 20, 2009. Throughout her employment, Plaintiff was a member of the employees' union and her employment was subject to the CBA.

Plaintiff contends that Cingular breached the CBA by continually subjecting Plaintiff to a threatening and harassing environment. Specifically, Plaintiff alleges that, on or about August 7, 2008, Heineman threw her cell phone at Plaintiff, missing her by only a few inches. Plaintiff, who suffers from post traumatic stress disorder (PTSD), contends that after seeing how shaken Plaintiff was, Heineman "immediately apologized" for throwing the cell phone. According to Plaintiff, Cingular policy prohibits employees from being subjected to harassment, threats, or other abusive workplace environments. After the cell phone incident, Cingular did not remove Plaintiff from the allegedly harassing workplace under Heineman. Because the CBA provides the exclusive means by which an employee can file a grievance against Cingular, Plaintiff asserts Cingular's written policies must be considered part of the CBA.

Dr. Paul Warner, Plaintiff's psychologist, documented on September 3, 2008, that Plaintiff was experiencing severe, incapacitating anxiety and panic attacks, due in part to the incident with Heineman throwing the cell phone. On November 26, 2008, Dr. Warner mailed AT&T a letter opining that the cell phone incident aggravated Plaintiff's PTSD.

Without providing a reason, Heineman terminated Plaintiff on January 20, 2009. Because the CBA prohibited Cingular from terminating Plaintiff without just cause, Plaintiff asserts Cingular breached the CBA. After Plaintiff was terminated, she attempted to grieve her

termination through the union. Plaintiff alleges, however, that the union breached its duty to represent her by ignoring her requests to file a grievance.[1]

### III. STANDARD OF REVIEW

The Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief." Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). On a motion to dismiss, a court must assume that all the facts alleged in the complaint are true and generally construe the complaint in the light most favorable to the plaintiff. Id.; Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009); Benton v. Merrill Lynch Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008). A court may, however, reject any unwarranted inferences and conclusory or catch-all assertions of law. Elam v. Neidorff, 544 F.3d 921, 926 (8th Cir. 2008).

A motion to dismiss should be granted only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(b)(6); Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To survive a motion to dismiss, however, the complaint must allege facts which raise more than a speculative right to relief. Benton, 524 F.3d at 870 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (U.S. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

---

[1] Plaintiff has filed a separate parallel action against the union, Case No. 09-CV-1042.

When matters outside the pleadings are presented and not excluded by the court, Fed. R. Civ. P. Rule 12(b)(6) provides that the motion shall be treated as a motion for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b)(6); see also Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999). Matters outside the pleadings include "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Hamm, 187 F.3d at 948; Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992). A court does not, however, convert a motion to dismiss into a motion for summary judgment if it considers public records that do not contradict the complaint. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). The district court has discretion to decide whether or not to accept any material beyond the pleadings. Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 701 (8th Cir. 2003). In this case, the Court resolves the motion without reference to any matters outside the pleadings and therefore does not convert the 12(b)(6) motion into a motion for summary judgment.

## IV.  DISCUSSION

### A.  Motion for Default Judgment

Because Defendants did not file an answer to the state court amended complaint, Plaintiff contends that this Court should enter default judgment against the Defendants. Defendants contend that Plaintiff's state court amended complaint is not a valid pleading because: (1) it was filed in state court after the case was already removed to federal court; and (2) Plaintiff did not serve the two new corporate entities named in the Amended Complaint. This Court agrees that,

because Plaintiff's state court amended complaint was not properly served or filed, Plaintiff's Motion for Default Judgment should be denied.

A notice of removal is effective as of the date the defendant mails the notice of filing to the state court clerk. Deveer v. Gov't Employees Ins. Co., Case No. 07-4437, 2008 WL 4443260, *3 (E.D.N.Y. Sept. 26, 2008). Documents filed in the state court after that date are not properly filed in the federal action. Id.

In this case, Defendants mailed the Notice of Filing of Notice of Removal to the state court on February 25, 2009, and this matter came within the federal court's jurisdiction on that date [Doc. No. 1, attach. 2]. Plaintiff's Amended Complaint, which was filed in state court two days later on February 27, 2009, was therefore not properly filed in this Court. Further, Plaintiff conceded at the hearing that she has not served the two new corporate entities that she sought to add to the case. Therefore, the Motion for Default Judgment should be denied.

At the hearing on the motion for default judgment, while Plaintiff was still appearing *pro se*, Plaintiff asked the Court to allow her to file the state court amended complaint in the federal case, if the Court determined the filing of the state court amended complaint was procedurally defective. Since the hearing, Plaintiff has obtained counsel and filed a formal motion for leave to file an amended complaint and therefore Plaintiff's oral request at the hearing is moot.

B.     **Motion To Dismiss**

The majority of Plaintiff's claims have been voluntarily withdrawn now that Plaintiff has obtained counsel. Therefore, to the extent Defendants' motion seeks to dismiss Plaintiff's claims for intentional infliction of emotional distress, negligence, violation of the Privacy Act of 1974, retaliation under the Minnesota Whistleblower Act, wrongful termination, violation of the

7

Americans with Disabilities Act, or violation of the Minnesota Human Rights Act, the motion should be denied as moot.

The only claim Defendants continue to pursue by way of their motion to dismiss, that Plaintiff has not withdrawn, is the dismissal of Plaintiff's claim for assault against Defendant Heineman. Defendants assert that Plaintiff's assault claim is barred by the Minnesota Worker's Compensation Act's exclusivity provision. This Court agrees. Because Plaintiff's claim does not fall within the assault exception to the exclusivity provision of the Worker's Compensation Act (WCA), it is this Court's recommendation that Defendants' Motion to Dismiss be granted.

### 1. Worker's Compensation Act Exclusivity

The Minnesota legislature's enactment of the worker's compensation laws, "involved a series of compromises by which both employees and employers gained and gave up benefits as compared to the common law." Kopet v. Gen. Mills, Inc., Case No. 04-1708, 2005 WL 1021651, *2 (Minn. Ct. App. May 3, 2005) (citing Kaluza v. Home Ins. Co., 403 N.W.2d 230, 235-36 (Minn. 1987)). The WCA provides that employers "are liable to pay compensation in every case of personal injury . . . of an employee arising out of and in the course of employment without regard to the question of negligence." Minn. Stat. § 176.021, subd. 1; Meintsma v. Loram Maint. of Way, Inc., 684 N.W.2d 434, 438 (Minn. 2004). The employer's liability to pay worker's compensation "is exclusive and in place of any other liability." Minn. Stat. § 176.031. Thus, the WCA provides the exclusive remedy to employees for personal injuries arising out of and in the course of employment. Minn. Stat. § 176.031; McGowan v. Our Savior's Lutheran Church, 527 N.W.2d 830, 833 (Minn. 1995); Stengel v. East Side Beverage, 690 N.W.2d 380, 383 (Minn. Ct. App. 2004). The exclusive remedy provision "is part of the *quid pro quo* of the workers' compensation scheme in which the employer assumes liability for work-related injuries

8

without fault in exchange for being relieved of liability for certain kinds of actions and the prospect of large damage verdicts." Meintsma, 684 N.W.2d at 438 (quoting Karst v. F.C. Hayer Co., 447 N.W.2d 180, 183-84 (Minn. 1989)). It is not that an employee who is injured at work has no recourse; rather, the employee must seek redress for his or her injury through a worker's compensation claim. Id. When the WCA provides the employee's exclusive remedy, a district court is without subject-matter jurisdiction unless the employee can show that the alleged conduct falls within an exception to WCA exclusivity. Stengel, 690 N.W.2d at 383.

### 2. Assault Exception

Citing Gunderson v. Harrington, 632 N.W. 2d 695, 702–703 (Minn. 2001), Plaintiff asserts that her assault claim is not barred by the WCA because the Act "does not preclude a tort action where an employee willfully assaults and injures a coworker while in the course of employment." (Memo. of Law in Supp. of Ms. Muhonen's Mot. for Leave to File First Amend. Compl. at 8 n. 3). That case and the law cited by Plaintiff address the applicability of the co-employee intentional tort exception. Minn. Stat. § 176.061, subd. 5(e); Meintsma, 684 N.W.2d at 440. The Court however must also consider subdivision 16 of the statute in completing its analysis.

In defining the phrase "personal injury," the WCA provides, "[p]ersonal injury does not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of personal reasons, and not directed against the employee as an employee, or because of the employment." Minn. Stat. § 176.011, subd. 16. According to the Minnesota Supreme Court, there are three categories of assault cases. The first two categories of assault cases are compensable under the WCA: (1) when the provocation or motivation for the assault arises solely out of the activity of the victim as an employee; or (2) when the assault was random

9

and neither directed against the victim as an employee nor for reasons personal to the employee. McGowan, 527 N.W.2d at 834; Stengel, 690 N.W.2d at 383. The final category of assault, which is non-compensable under the WCA, occurs if the assailant is motivated by personal animosity toward the victim, arising from circumstances wholly unconnected with the employment. Id. Thus, the assault exception applies in situations where there is some prior relationship between the assailant and victim and does not apply when the victim is chosen at random or is targeted because of her status as an employee. B.E.M. v. Bridgeman's Restaurants, Inc., No. C8-96-2187, 1997 WL 161852, *3 (Minn. Ct. App. April 8, 1997). An assault occurring during working hours, at the workplace, and that "ar[ises] out of a discussion about office affairs" does not fall within the assault exception. Parker v. Tharp, 409 N.W.2d 915, 917 (Minn. Ct. App. 1987).

Plaintiff's assault claim does not fall within the assault exception to the WCA exclusivity provision. In the police report regarding the incident, [Doc. No. 17], a public record, Plaintiff described the events leading up to the alleged assault. Plaintiff and Heineman were discussing the team's need for an office meeting, as well as discussing an employee who was using a personal cell phone while working. As in Parker, the cell phone incident occurred at the workplace, during workplace hours and arose out of a discussion about workplace issues. Plaintiff has not alleged that Heineman threw the cell phone because of personal animosity towards Plaintiff unrelated to her employment. Rather, the incident was specifically related to Plaintiff's status as an employee and the assault exception to the WCA does not apply. It is this Court's recommendation that Defendants' Motion to Dismiss be granted.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Default Judgment [Doc. No. 25] be **DENIED**; and

2. Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [Doc. No. 8] be **GRANTED in part and DENIED in part:**

    a. To the extent Defendants' motion seeks to dismiss Plaintiff's claims for intentional infliction of emotional distress, negligence, violation of the Privacy Act of 1974, retaliation under the Minnesota Whistleblower Act, wrongful termination, violations of the Americans with Disabilities Act; or violations of the Minnesota Human Rights Act, the motion should be **DENIED as moot**; and

    b. To the extent Defendants' motion seeks to dismiss Plaintiff's assault claim, the Motion should be **GRANTED**.

Dated: August 21, 2009

                                            s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 7, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.